UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNA LANGAN, TERESA DE BARBARAC, and ALEXANDRA CARSON, *Plaintiffs*, | § § § § | |
| v. | § § | CASE NO. 1:20-cv-275-RP |
| GREG ABBOTT, in his Official Capacity as Governor of Texas; and KEN PAXTON, in his Official Capacity as Attorney General of Texas, *Defendants.* | § § § § § | |

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

KIMBERLY GDULA
Assistant Attorney General
Texas Bar No. 24052209
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Kimberly.Gdula@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................................... ii

I. Introduction ........................................................................................................................ 1

II. Background ........................................................................................................................ 1

III. Standard of Review ............................................................................................................ 2

IV. Argument ........................................................................................................................... 2

    A. Plaintiffs Lack Standing to Pursue Their Claims Against Defendants ......................... 3

        1. Plaintiffs' alleged injury is not fairly traceable to Defendants .............................. 3

        2. Plaintiffs have not shown an action against Defendants will redress alleged injury ....................................................................................................... 4

    B. Plaintiffs' Claims are Barred by Eleventh Amendment Immunity ............................... 5

V. Conclusion .......................................................................................................................... 8

Certificate of Service ..................................................................................................................... 9

i

## TABLE OF AUTHORITIES

**Cases**

*Air Evac EMS, Inc. v. Tex. Dep't of Ins.*,
  851 F.3d 507 (5th Cir. 2017) .................................................................................................. 8

*City of Austin v. Paxton*,
  943 F.3d 993 (5th Cir. 2019) ............................................................................................... 7, 9

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
  527 U.S. 666 (1999) ............................................................................................................... 6

*Does #1-7 v. Abbott*,
  345 F. Supp. 3d 763 (N.D. Tex. 2018) ............................................................................... 4, 5

*Ex parte Young*,
  209 U.S. 123 (1908) ............................................................................................................... 8

*Freedom from Religion Found., Inc. v. Mack*,
  No. H-17-881, 2018 WL 6981153 (S.D. Tex. Sept. 27, 2018) .............................................. 6

*Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ............................................................................................................ 3, 4

*FW/PBS, Inc. v. City of Dallas*,
  493 U.S. 215 (1990) ............................................................................................................... 3

*Garcia Guevara v. City of Haltom City*,
  106 F. App'x 900 (5th Cir. 2004) .......................................................................................... 6

*Hafer v. Melo*,
  502 U.S. 21 (1991) ................................................................................................................. 7

*Hooks v. Landmark Indus., Inc.*,
  797 F.3d 309 (5th Cir. 2015) ................................................................................................. 2

*Inclusive Communities Project, Inc. v. Abbott*,
  No. 3:17-CV-0440, 2018 WL 2415034 (N.D. Tex. May 29, 2018) ...................................... 5

*K.P. v. LeBlanc*,
  729 F.3d 427 (5th Cir. 2013) ................................................................................................. 8

*Ky. v. Graham*,
  473 U.S. 159 (1985) ............................................................................................................... 7

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................ 3, 4

*Morris v. Livingston*,
  739 F.3d 740 (5th Cir. 2014) ............................................................................................. 8, 9

*Okpalobi v. Foster*,
  244 F.3d 405 (5th Cir. 2001) ............................................................................................. 5, 8

*Perez v. U.S.*,
   312 F.3d 191 (5th Cir. 2002) .................................................................................................. 4

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) .......................................................................................... 1, 2, 3

*Seibert v. Baptist*,
   594 F.2d 423 (5th Cir.1979), *cert. denied*, 100 S. Ct. 1851 (1980) .......................................... 7

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) .................................................................................................................. 4

*Susan B. Anthony List v. Driehaus,*
   573 U.S. 149 (2014) ................................................................................................................ 3

*Yul Chu v. Miss. State Univ.*,
   901 F. Supp. 2d 761 (5th Cir. 2012) ....................................................................................... 7

**Statutes**

Tex. Fam. Code § 45.101 ................................................................................................................ 5

Tex. Fam. Code § 45.103 ........................................................................................................... 2, 5

Tex. Fam. Code § 45.103(b) ........................................................................................................... 7

U.S. Const. art. III, § 2, cl. 1 ........................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 1, 2

### I. INTRODUCTION

The Fifth Circuit has explained that jurisdictional arguments should be addressed before any attack on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Neither Defendant is a proper party to this suit; therefore, Defendants file this Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) ("Motion") because the Court lacks subject-matter jurisdiction over Plaintiffs' claims. Specifically, Plaintiffs do not have standing to sue Defendants because their asserted injuries are not traceable to them, and a judgment against Defendants would, in any event, not redress those alleged injuries. Additionally, and for similar reasons, Plaintiffs cannot overcome Defendants' Eleventh Amendment immunity to suit.

Since Plaintiffs lack standing to pursue their claims against Defendants and said claims are barred by Eleventh Amendment immunity, Defendants request the Court dismiss Plaintiffs' suit in its entirety.

### II. BACKGROUND

Plaintiffs challenge the constitutionality of Texas's name-change statute, codified in Chapter 45 of the Family Code, on Eighth Amendment grounds. Plaintiffs specifically challenge § 45.103, which provides in pertinent part:

> (b) A court may order a change of name under this subchapter for a person with a final felony conviction if:
>
> > (1) in addition to the requirements of Subsection (a) [requiring the change be in the interest or to the benefit of the petition and in the interest of the public], the person has:
> >
> > > (A) received a certificate of discharge by the Texas Department of Criminal Justice or completed a period of community supervision or juvenile probation ordered by a court and not less than two years have passed from the date of the receipt of discharge or completion of community supervision or juvenile probation; or
> > >
> > > (B) been pardoned; or

1

>   (2)  the person is requesting to change the person's name to the primary name used in the person's criminal history record information.

Tex. Fam. Code § 45.103.

Plaintiffs—who are three transgendered current or former inmates of the federal prison system—claim that by requiring them to wait until two years after they have successfully completed their sentences to legally change their names, the statute constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

While Defendants deny that Plaintiffs' suit has any substantive merit, Defendants file this Motion because Plaintiffs are procedurally barred from bringing these claims for two reasons: (1) Plaintiffs lack standing to bring the claims asserted; and (2) the Eleventh Amendment bars Plaintiffs claims because Defendants are entitled to sovereign immunity for which no waiver or exception applies.

### III.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming,* 281 F.3d at 161. "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

### IV.  Argument

The concepts of standing and immunity under the Eleventh Amendment are closely linked. Here, as described below, Plaintiffs' inability to link Defendants with the enforcement of

2

§ 45.103 deprives this Court of subject-matter jurisdiction over Plaintiffs' claims on both standing and immunity grounds.

      **A.**     *Plaintiffs Lack Standing to Pursue Their Claims Against Defendants*

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. CONST. ART. III, § 2, cl. 1. The reason for this jurisdictional limitation is to restrain the federal courts from deciding abstract and advisory questions of law. Accordingly, any federal court plaintiff must have case-or-controversy "standing" to assert a claim. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[S]tanding is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation omitted).

To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). All three elements are "an indispensable part of the plaintiff's case," and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan*, 504 U.S. at 561. Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). In this case, Plaintiffs cannot establish at least two of the three indispensable elements of standing.

          1.     *Plaintiffs' alleged injury is not fairly traceable to Defendants*

First, Plaintiffs cannot show the injury they claim to have suffered is fairly traceable to an action by Defendants. *See Friends of the Earth*, 528 U.S. at 180-81. Traceability requires Plaintiffs to show a causal connection between their injury and an action taken by Defendants,

3

rather than "the result of the independent action of some third party not before the court." *Does #1-7 v. Abbott*, 345 F. Supp. 3d 763, 773 (N.D. Tex. 2018). General authority to enforce state laws is not sufficient to satisfy the traceability requirement necessary to establish standing. *Id.*

Plaintiffs' only attempt to link Defendants to their alleged injuries-in-fact is found in their claim that each "has both the authority and duty to uphold the laws of Texas, and is bound by oath and legal duty to uphold the United States Constitution." *See* Am. Compl. ¶¶ 6, 7. Critically, Plaintiffs do not identify any action—or a threat of action—taken by either Defendant related to the statute at issue in this case. Instead, Plaintiffs attempt to do exactly what the court in *Does #1-7* rejected: create traceability under the guise of Defendants' general authority to enforce state laws. Because Plaintiffs have not alleged any facts to show that they have suffered an injury-in-fact that is fairly traceable to Defendants, they lack standing. *See id.*; *see also Inclusive Communities Project, Inc. v. Abbott*, No. 3:17-CV-0440, 2018 WL 2415034, at *6 (N.D. Tex. May 29, 2018) (holding that plaintiff lacked standing to sue Governor Abbott where challenged provisions of law "do not provide Governor Abbott with the authority or 'definite responsibilities' to enforce the Statute.").

> 2. *Plaintiffs have not shown an action against Defendants will redress alleged injury*

The second component of standing that Plaintiffs cannot satisfy is the redressability requirement. This requires Plaintiffs to prove that the relief sought against Defendants (declaring § 45.103 unconstitutional and enjoining Defendants from denying Plaintiffs the right to legally change their names) will actually redress the injury of which they complain (the inability to legally change their names under Texas law). *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). Plaintiffs cannot make this showing.

By its terms, Chapter 45 of the Family Code requires a person wishing to legally change his or her name to file a petition in the county of his or her residence. TEX. FAM. CODE § 45.101. It is then up to the state court where the petition was filed to determine if the petitioner's request should be granted. *See id.* § 45.103. Critically, the statute does not vest any power in either Governor Abbott or General Paxton to enforce or otherwise regulate its application. Courts have previously held that municipalities cannot be held liable for the actions of local judges, who, as elected officials, the municipality has no power to control. *Freedom from Religion Found., Inc. v. Mack*, No. H-17-881, 2018 WL 6981153v, at *4 (S.D. Tex. Sept. 27, 2018) (citing *Garcia Guevara v. City of Haltom City*, 106 F. App'x 900, 902 (5th Cir. 2004)). In this case, an injunction against Defendants will not prevent Plaintiffs' petitions for a name change under Chapter 45 of the Family Code from being denied because neither Defendant is responsible for enforcing those provisions.

Since Plaintiffs cannot show their alleged injury—the inability to legally change their names under Chapter 45 of the Family Code—is the result of some action by Defendants or that a judgment against Defendants would redress that injury, Plaintiffs lack standing to pursue their claims against Defendants. Therefore, Defendants request the Court dismiss this lawsuit in its entirety.

        **B.**     *Plaintiffs' Claims are Barred by Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Because state officials sued in their official capacities are considered arms of the state, Eleventh Amendment immunity applies to claims brought against officials in their official

5

capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *City of Austin*, 943 F.3d at 997; *Yul Chu v. Miss. State Univ.*, 901 F. Supp. 2d 761, 771 (5th Cir. 2012).

Plaintiffs have sued both Defendants in their official capacities only. *See* Am. Compl. ¶¶ 6, 7. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Ky. v. Graham*, 473 U.S. 159, 165v (1985) (quotation marks omitted). Therefore, Plaintiffs may only maintain their claims against Defendants if (a) Congress has expressly abrogated Eleventh Amendment immunity for these claims, (b) Texas has waived its Eleventh Amendment immunity for these claims, or (c) the *Ex parte Young* exception applies. As Congress has not abrogated immunity for Eighth Amendment claims and Texas has not waived its immunity for such claims, Plaintiffs must rely on *Ex parte Young* to vest the Court with jurisdictional authority to adjudicate their claims. *Seibert v. Baptist*, 594 F.2d 423, 431 (5th Cir.1979), *cert. denied*, 100 S. Ct. 1851 (1980) (holding that the Eighth Amendment does not expressly waive sovereign immunity).

However, the *Ex Parte Young* exception is unavailing here. Under *Ex parte Young*, a plaintiff seeking prospective injunctive relief based on an alleged ongoing constitutional violation may sue a state officer in his official capacity. *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013). However, to apply *Ex parte Young*, Plaintiffs must show that Defendants have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quoting *Okpalobi*, 244 F.3d at 416). This requirement "is designed to ensure defendant is not merely being sued 'as a representative of the state, and thereby attempting to make the state a party.'" *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

*Morris* is instructive in this case. There, the Fifth Circuit found that the Eleventh Amendment barred an official-capacity claim against Governor Perry challenging the constitutionality of a state statute. *Morris*, 739 F.3d at 744, 746. The Fifth Circuit reasoned that the challenged law did "not specially task Governor Perry with its enforcement, or suggest that he will play any role at all in its enforcement." *Id.* at 746. Similarly, TEX. FAM. CODE § 45.103 does not task either Governor Abbott or General Paxton with its enforcement; rather, by its express terms, § 45.103 is enforced by Texas state courts. *See* TEX. FAM. CODE § 45.103(b) (providing that a "**court** may order a name change . . . for a persona with a final felony conviction . . . .") (emphasis added).

Since § 45.103 specifically tasks Texas state courts—and not either Defendant—with its enforcement, the Court need go no further to find that Plaintiffs' claims are barred by Eleventh Amendment immunity. *See City of Austin*, 943 F.3d at 998 (holding that "[w]here a state actor or agency is statutorily tasked with enforcing the challenged law and a different official is the named defendant, our *Young* analysis ends.").

However, even if the Court deems it necessary to continue with the *Ex parte Young* analysis, Plaintiffs' claims against Defendants will still be barred by Eleventh Amendment immunity because Defendants do not have sufficient connection to the enforcement of § 45.103. As the Fifth Circuit stated in *City of Austin*, for the *Ex parte Young* exception to apply, the official named in the suit "must have 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" *Id.* at 999. Importantly, a "general duty to see that the laws of the state are implemented" is insufficient to defeat Eleventh Amendment immunity. *Id.* (citing *Morris*, 739 F.3d at 746). Instead, the Fifth Circuit instructs that Plaintiffs must demonstrate specific enforcement actions taken by Defendants that would warrant

7

application of the *Ex parte Young* exception. *Id.* at 1001. Since Plaintiffs have made no such showing with regards to either Defendant, the *Ex parte Young* exception does not apply, and Plaintiffs' claims are barred by Eleventh Amendment immunity.

## V.     Conclusion

Plaintiffs cannot pursue the claims made in this lawsuit against Defendants because Plaintiffs lack standing to pursue those claims. Moreover, Plaintiffs' claims are barred by immunity under the Eleventh Amendment for which no waiver or exception applies. Therefore, Defendants respectfully request this Court grant this Motion, dismiss Plaintiffs' claims against Defendants, and for such other relief, whether in law or in equity, to which Defendants may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Kimberly Gdula*
**KIMBERLY GDULA**
Texas Bar No. 24052209
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Kimberly.Gdula@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS
GOVERNOR GREG ABBOTT AND
KEN PAXTON, ATTORNEY GENERAL OF TEXAS**

### CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing instrument with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

*/s/ Kimberly Gdula*
**KIMBERLY GDULA**
Assistant Attorney General

9