UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DONNA LANGAN, §<br>TERESA DE BARBARAC, and §<br>ALEXANDRA CARSON §<br>　　　　　　　　Plaintiffs, §<br>§<br>v. §<br>§<br>GREG ABBOTT, in his Official Capacity as §<br>Governor of Texas; and §<br>KEN PAXTON, in his Official Capacity as §<br>Attorney General of Texas §<br>　　　　　　　　Defendants. § | Cause No. 1:20-cv-275 |

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

　　　Plaintiffs Donna Langan, Teresa de Barbarac, and Alexandra Carson offer this response to Defendants' motion to dismiss (Docket Entry 5).

LEGAL STANDARD

　　　Defendants brought their motion pursuant to Federal Rule of Civil Procedure 12(b)(1).

　　　In resolving a motion under Rule 12(b)(1), the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Campos v. United States*, 888 F.3d 724, 729 (5th Cir. 2018). Therefore, Plaintiffs incorporate by reference the facts asserted in Plaintiffs' First Amended Complaint and its attached appendix. (Docket Entry 8-1 and 8-2).

ARGUMENT

　　　The Courts (and Defendants) recognized that "Article III standing analysis and *Ex parte Young* analysis 'significantly overlap.'" *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019).

> [I]t may be the case that an official's "connection to [ ] enforcement" is satisfied when standing has been established. That is, because it's been determined that an official can act, and there's a significant possibility that he or she will act to harm a plaintiff, the official has engaged in enough "compulsion or constraint" to apply the *Young* exception.

*Id*. Plaintiffs arguments below, as regards Defendant Paxton, satisfy both the elements of standing and demonstrate Paxton is subject to suit under the *Ex parte Young* doctrine, but focus on the latter.

Defendants' argument regarding the Eleventh Amendment and *Ex parte Young* conflates separate threads of the case law, and in so doing, presents the Court with the incorrect legal standard. For instance, Defendants argue:

> [T]o apply *Ex parte Young*, Plaintiffs must show that Defendants have "the particular duty to enforce the statute in question ...."

(D.E. 5, at 6) (citing *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014)). The Fifth Circuit has said something different: it is not necessary for a Defendant to be given a duty by statute to enforce the statute in order for that Defendant to be subject to *Ex parte Young*.

> **Where a state actor or agency is statutorily tasked with enforcing the challenged law and a different official is the named defendant, our *Young* analysis ends**. For example, in *Morris v. Livingston*, an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ") sued the Governor of Texas, challenging the constitutionality of a statute that required TDCJ inmates to pay a "health care services fee" if an inmate initiated a visit to a health care provider. The statute specifically tasked the TDCJ as responsible for its enforcement.… **Where no state official or agency is named in the statute in question**, **we consider whether the state official actually has the authority to enforce the challenged law**.

*City of Austin*, 943 F.3d at 998 (citations omitted, emphasis added). Therefore, since no official is explicitly tasked by Texas Family Code 45 to enforce its provisions,[1] the first question is whether Defendants have the actual authority to enforce the law.

---

[1] Relatedly, Defendants argue that "[Texas Family Code] 45.103 specifically tasks Texas state courts…with its enforcement." (D.E. 5, at 7). That interpretation of case law cannot be true. Courts and judges enforce *every* law; if that meant they were considered entities "statutorily tasked with enforcing the challenged law" within the meaning of the case law, then it would lead to the absurd result of swallowing all *Ex parte Young* claims.

Defendants have not denied (and we expect will concede) that Texas Attorney General Paxton has authority to bring suit to enforce Texas Family Code 45.103. Therefore, we move to the next question: have Plaintiffs made an adequate showing of the likelihood of Paxton's enforcing that law?[2] The Fifth Circuit explains "[p]anels in this circuit have defined 'enforcement' as 'typically involv[ing] compulsion or constraint.'" *Id.* at 1000. One panel set forth an important principle: "*direct* enforcement of the challenged law was not required: actions that constrained the plaintiffs were sufficient to apply the *Young* exception to the *Air Evac* officials…" *Id.* at 1001. Another panel discussed Paxton specifically:

> Likewise, in *NiGen Biotech, L.L.C. v. Paxton*, this court considered whether *Ex parte Young* could apply to Attorney General Paxton where he continuously refused to justify numerous "threatening letters" from his office to a manufacturer and distributor of dietary supplements and its retailers alleging that the manufacturer's packaging was in violation of the Texas Deceptive Trade Practices Act ("DTPA"). …. [T]he fact that Paxton sent letters threatening enforcement of the DTPA makes it clear that he had not only the authority to enforce the DTPA, but was also constraining the manufacturer's activities, in that it faced possible prosecution if it continued to make and distribute its products.

*Id.* (at 1001) (citations omitted). The plaintiff in *City of Austin* ultimately lost its Eleventh Amendment argument against Paxton because it failed to demonstrate that, based Paxton's prior actions, he might seek to enforce a particular statute. That's because his prior actions did not include "any overlapping facts with [the City of Austin's] case." *Id.* at 1001-02. In this lawsuit, that could not be further from the truth.

Paxton historically has been deeply involved in matters related to the matters at hand. For instance, Plaintiffs' First Amended Complaint describes Paxton's intervention in a Travis County

---

[2] *City of Austin* notes that whether *Okpalobi*'s plurality opinion stating an official should have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty" may not be binding precedent, noting that other Fifth Circuit panels have drawn different conclusions. Instead, the Fifth Circuit did not reach that issue in *City of Austin* because "in the same vein as panels before us, we find that we need not define the outer bounds of this circuit's *Ex parte Young* analysis today." *City of Austin*, 943 F.3d at 999-1000.

3

probate case and district court case that had each declared Texas' law against same-sex marriage unconstitutional. (Docket Entry 8-1, at 56-58). Paxton submitted an "Amended Petition for Writ of Mandamus" to the Texas Supreme Court which made several representations that he should be collaterally estopped from rejecting in this case, including:

    a.    Characterizing the Office of the Attorney General as an adverse party to the constitutional challenge to same-sex marriage.

    b.    Arguing the attorney general "has a justiciable interest in the case given its well-recognized interest in defending Texas law."

    c.    Arguing "the attorney general's office is charged with defending and enforcing [state law]."

(Docket Entry 8-1, at 59). When the Texas Supreme Court later dismissed the Application as moot (because the U.S. Supreme Court had made same-sex marriage legal), Justices Willet and Devine agreed with Paxton's characterization of the attorney general's role, saying:

    a.    The attorney general has a constitutional duty to defend challenges to state law. *In re State*, 489 SW 3d 454, 456 (Tex. 2016) (Justice Willett, joined by Justice Devine, concurring in the dismissal of the petition for writ of mandamus).

    b.    "Texas law could not be clearer: The State's chief legal officer — sworn to 'preserve, protect, and defend' Texas law — should in fact be permitted to preserve, protect, and defend it." *Id*.

    c.    "A law may be unfashionable. It may even be unconstitutional. But it cannot be undefended." *Id*. at 457

As described in the amended complaint, after the U.S. Supreme Court legalized same-sex marriage, Paxton shifted gears to exerting coercion around a transphobic agenda, including pressuring Target over its store policies, joining multi-state lawsuits, threatening the Fort Worth school district, and championing 2017's "Bathroom Bill." Docket Entry 8-1, at 62-65. These events, taken together with Paxton's actions in the litigation around same-sex marriage, distinguish this case from *City of Austin* by showing Paxton's interest and eagerness to enforces a statute like Family Code 43.103.

## CONCLUSION

For these reasons, Plaintiffs ask that the motion be denied.

DATED: June 5, 2020.

                                                                Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
brian@austincommunitylawcenter.org

Judith Bohr
Texas Bar No. 24092153
judith.bohr@austincommunitylawcenter.org

AUSTIN COMMUNITY LAW CENTER
1411 West Ave
Austin, TX 78701
Telephone: (512) 596-0226
Fax: (512) 597-0805

Moira Meltzer-Cohen
*Pro Hac Vice Pending*
277 Broadway, Suite 1501
New York, NY 10007
Telephone: (347) 248-6771
Fax: (929) 232.2056
mo_at_law@protonmail.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record who have appeared in this matter through the Electronic Case Files System of the Western District of Texas.

/s/ Brian McGiverin
Brian McGiverin