UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DONNA LANGAN, TERESA DE BARBARAC, and ALEXANDRA CARSON, <br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his Official Capacity as Governor of Texas; and KEN PAXTON, in his Official Capacity as Attorney General of Texas, <br> *Defendants*. | § § § § § § § § § § § § |

CASE NO. 1:20-cv-275-RP

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)**

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

KIMBERLY GDULA
Assistant Attorney General
Texas Bar No. 24052209
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Kimberly.Gdula@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

TABLE OF CONTENTS

Table of Authorities ........................................................................................................................ ii
I.   Introduction.......................................................................................................................... 1
II.  Background.......................................................................................................................... 1
III. Standard of Review.............................................................................................................. 2
IV.  Argument ............................................................................................................................. 3
    A.  Plaintiffs' Claims are Barred by Eleventh Amendment Immunity .................................. 3
        1.  Applying *Ex parte Young* does not save Plaintiffs' claims........................................... 4
            a.)  Plaintiffs did not name proper defendants in their suit .......................................... 4
            b.)  The *Ex parte Young* exception does not apply because Plaintiffs have
                 not shown sufficient enforcement actions by either Defendant............................. 5
    B.  Plaintiffs Lack Standing to Pursue Their Claims Against Defendants............................. 9
        1.  Plaintiffs' alleged injury is not fairly traceable to Defendants ..................................... 9
        2.  Plaintiffs have not shown an action against Defendants will redress alleged
            injury ............................................................................................................................ 10
V.   Conclusion ......................................................................................................................... 12
Certificate of Service ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Air Evac EMS, Inc. v. Tex. Dep't of Ins.*,
  851 F.3d 507 (5th Cir. 2017) .................................................................................................. 6

*City of Austin v. Paxton*,
  943 F.3d 993 (5th Cir. 2019) ........................................................................................... passim

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
  527 U.S. 666 (1999) .................................................................................................................. 3

*Does #1-7 v. Abbott*,
  345 F. Supp. 3d 763 (N.D. Tex. 2018) ............................................................................... 9, 10

*Ex parte Young*,
  209 U.S. 123, 157 (1908) ...................................................................................................... 4, 6

*Freedom from Religion Found., Inc. v. Mack*,
  No. H-17-881, 2018 WL 6981153 (S.D. Tex. Sept. 27, 2018) ............................................... 11

*Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ................................................................................................................. 9

*FW/PBS, Inc. v. City of Dallas*,
  493 U.S. 215 (1990) ................................................................................................................. 9

*Garcia Guevara v. City of Haltom City*,
  106 F. App'x 900 (5th Cir. 2004) ........................................................................................... 11

*Hafer v. Melo*,
  502 U.S. 21 (1991) ................................................................................................................... 3

*Hooks v. Landmark Indus., Inc.*,
  797 F.3d 309 (5th Cir. 2015) ................................................................................................... 2

*Inclusive Communities Project, Inc. v. Abbott*,
  No. 3:17-CV-0440, 2018 WL 2415034 (N.D. Tex. May 29, 2018) ....................................... 10

*K.P. v. LeBlanc*,
  627 F.3d 115 (5th Cir. 2010) ................................................................................................... 6

*Ky. v. Graham*,
  473 U.S. 159 (1985) ................................................................................................................. 3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................................. 9

*Morris v. Livingston*,
  739 F.3d 740 (5th Cir. 2014) ........................................................................................... 5, 6, 7

*NiGen Biotech, L.L.C. v. Paxton*,
  804 F.3d 389 (5th Cir. 2015) ................................................................................................ 6, 8

*Okpalobi v. Foster*,
   244 F.3d 405 (5th Cir. 2001) .................................................................................... 10

*Perez v. U.S.*,
   312 F.3d 191 (5th Cir. 2002) ...................................................................................... 9

*Raj v. La. State Univ.*,
   714 F.3d 322 (5th Cir. 2013) ...................................................................................... 4

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) .................................................................................. 1, 3

*Russell v. Lundergren-Grimes*,
   784 F.3d 1037 (6th Cir. 2015) .................................................................................. 11

*Seibert v. Baptist*,
   594 F.2d 423 (5th Cir.1979), *cert. denied*, 100 S. Ct. 1851 (1980) ............................ 4

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ...................................................................................................... 9

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) .................................................................................................... 9

*Va. Office for Prot. & Advocacy v. Stewart*,
   563 U.S. 247 (2011) .................................................................................................... 3

*Verizon Md., Inc. v. Pub. Serv. Comm'n*,
   535 U.S. 635 (2002) .................................................................................................... 5

*Yul Chu v. Miss. State Univ.*,
   901 F. Supp. 2d 761 (5th Cir. 2012) ........................................................................... 3

**Statutes**

Tex. Fam. Code § 45.101 .................................................................................................. 10

Tex. Fam. Code § 45.103 ............................................................................................ passim

Tex. Fam. Code § 45.103(b) ............................................................................................... 7

U.S. Const. art. III, § 2, cl. 1 .............................................................................................. 9

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 1, 2

## I.  INTRODUCTION

The Fifth Circuit has explained that jurisdictional arguments should be addressed before any attack on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In response to Defendants' first Motion to Dismiss [Dkt. 5], Plaintiffs filed their First Amended Complaint to purportedly cure the jurisdictional deficiencies in their claims.[1] However, even with Plaintiffs' amendments to their pleading, neither Defendant is a proper party to this suit; therefore, Defendants file this Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. 10] pursuant to FED. R. CIV. P. 12(b)(1) ("Motion") because the Court lacks subject-matter jurisdiction over Plaintiffs' claims. Specifically, Plaintiffs' claims against Defendants are barred by immunity under the Eleventh Amendment because Defendants lack sufficient connection to the enforcement of the statute at issue to trigger the *Ex parte Young* exception. Additionally, and for similar reasons, Plaintiffs lack standing to pursue their claims against Defendants.

Since Plaintiffs' claims are barred by Eleventh Amendment immunity and Plaintiffs lack standing to pursue their claims against Defendants, Defendants request the Court dismiss Plaintiffs' suit in its entirety.

## II.  BACKGROUND

Plaintiffs challenge the constitutionality of Texas's name-change statute, codified in Chapter 45 of the Family Code, on Eighth Amendment grounds. Plaintiffs specifically challenge § 45.103, which provides in pertinent part:

> (b)  A court may order a change of name under this subchapter for a person with a final felony conviction if:
>
> > (1)  in addition to the requirements of Subsection (a) [requiring the change be in the interest or to the benefit of the petition and in the interest of the public], the person has:

---

[1] Notably, Plaintiffs only amended their pleadings as to Defendant Paxton. Plaintiffs made no effort to cure the jurisdictional deficiencies as to Defendant Abbott.

1

>   (A)  received a certificate of discharge by the Texas Department of Criminal Justice or completed a period of community supervision or juvenile probation ordered by a court and not less than two years have passed from the date of the receipt of discharge or completion of community supervision or juvenile probation; or
>
>   (B)  been pardoned; or
>
> (2)  the person is requesting to change the person's name to the primary name used in the person's criminal history record information.

TEX. FAM. CODE § 45.103.

Plaintiffs—who are three transgendered current or former inmates of the federal prison system—claim that by requiring them to wait until two years after they have successfully completed their sentences to legally change their names, the statute constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

While Defendants deny that Plaintiffs' suit has any substantive merit, Defendants file this Motion because Plaintiffs are procedurally barred from bringing these claims for two reasons: (1) the Eleventh Amendment bars Plaintiffs claims because Defendants are entitled to sovereign immunity for which no waiver or exception applies; and (2) Plaintiffs lack standing to bring the claims asserted. Plaintiffs' attempt to circumvent these bars in their First Amended Complaint, filed after Defendants filed their first Motion to Dismiss [Dkt. 5], cannot overcome the well-established law that entitles Defendants to dismissal.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a

Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming,* 281 F.3d at 161. "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*.

## IV.   ARGUMENT

The concepts of standing and immunity under the Eleventh Amendment are closely linked, but Plaintiffs obscure the distinction between the two concepts in offering a legal argument based on circular logic and misleading statements. In fact, Plaintiffs build much of their jurisdictional argument around *City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019), a case that is highly analogous to the facts of this case <u>and</u> which undermines Plaintiffs own arguments. Plaintiffs' inability to link Defendants with the enforcement of § 45.103 deprives this Court of subject-matter jurisdiction over Plaintiffs' claims on both immunity and standing grounds.

### A.   *Plaintiffs' Claims are Barred by Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Because state officials sued in their official capacities are considered arms of the state, Eleventh Amendment immunity applies to claims brought against officials in their official capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *City of Austin*, 943 F.3d at 997; *Yul Chu v. Miss. State Univ.*, 901 F. Supp. 2d 761, 771 (5th Cir. 2012).

Plaintiffs have sued both Defendants in their official capacities only. *See* Am. Compl. ¶¶ 6, 7. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Ky. v. Graham*, 473 U.S. 159, 165 (1985) (internal

quotations omitted). Therefore, Plaintiffs may only maintain their claims against Defendants if (a) Congress has expressly abrogated Eleventh Amendment immunity for these claims, (b) Texas has waived its Eleventh Amendment immunity for these claims, or (c) the *Ex parte Young* exception applies. As Congress has not abrogated immunity for Eighth Amendment claims and Texas has not waived its immunity for such claims, Plaintiffs must rely on *Ex parte Young* to vest the Court with jurisdictional authority to adjudicate their claims. *Seibert v. Baptist*, 594 F.2d 423, 431 (5th Cir.1979), *cert. denied*, 100 S. Ct. 1851 (1980) (holding that the Eighth Amendment does not expressly waive sovereign immunity).

### 1.    Applying Ex parte Young does not save Plaintiffs' claims

The *Ex parte Young* exception allows individuals to bring suits for injunctive or declaratory relief against state officials acting in violation of federal law. *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). To trigger the *Ex parte Young* exception, the state official sued must, "by virtue of his office," have "some connection with the enforcement of the [challenged] act;" otherwise, the suit merely treats him as a representative of the state, the true party in interest. *Ex parte Young*, 209 U.S. 123, 157 (1908). As the Fifth Circuit recently explained, an *Ex parte Young* analysis begins with two inquiries: (1) whether Plaintiffs have named the proper defendant or defendants, and (2) whether the *Ex parte Young* exception applies to those defendants. *City of Austin*, 943 F.3d at 998.

#### a.) Plaintiffs did not name proper defendants in their suit

The Fifth Circuit recently confirmed that "[w]here a state actor or agency is statutorily tasked with enforcing the challenged law and a different official is the named defendant, our *Young* analysis ends." *Id.* In cases where a statute fails to explicitly name a party responsible for its enforcement, the Fifth Circuit has held that it may be appropriate to read such responsibility into a statute that implicitly contemplates a role for a state official or agency in the statute's

4

administration. *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (holding that the challenged statute's language imposing an affirmative duty on inmates to pay a healthcare services fee to the Texas Department of Criminal Justice "makes clear that TDCJ is the agency responsible for the section's administration and enforcement," and the Governor is not tasked with the statute's enforcement).

In this case, while TEX. FAM. CODE § 45.103 may not explicitly confer the responsibility of enforcement on members of the judiciary, it clearly contemplates a judge's role in the statute's administration, as the judiciary is the branch that is tasked with evaluating petitions for name change in all three major provisions of the statute. Moreover, no language in the challenged statute explicitly contemplates a primary role for either the Attorney General or the Governor in its enforcement. Therefore, under *Morris*, it is appropriate to infer that the judiciary is statutorily tasked with enforcement, thus ending our *Ex parte Young* analysis. *City of Austin*, 943 F.3d at 998; *Morris*, 739 F.3d at 742.

However, even if the Court moves to the second prong of the *Ex parte Young* analysis, Plaintiffs' claims will still be barred.

> *b.) The Ex parte Young exception does not apply because Plaintiffs have not shown sufficient enforcement actions by either Defendant*

If the Court finds that Defendants were properly named, then it must determine whether the *Ex parte Young* exception applies to Defendants. *City of Austin*, 943 F.3d at 998. First, the Court conducts a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002). Because Plaintiffs have alleged a violation of their rights under the Eighth Amendment and seek prospective relief, analysis moves to the second inquiry:

5

whether Defendants possess a "sufficient connection [to] the enforcement" of the challenged act. *Ex parte Young*, 209 U.S. at 157.

In *City of Austin*, the Fifth Circuit held that a plaintiff must show sufficient "enforcement" by the relevant state official with respect to the challenged law in order to justify the *Ex parte Young* exception. 943 F.3d at 1000 (citing *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (holding that officials' refusal to pay claims under an abortion statute established "enforcement")). While Plaintiffs are correct that "direct enforcement of the challenged law [is] not required," an official must have more than a theoretical connection to the statute's enforcement. *Id.* at 1001. In order to meet the "enforcement" threshold required for the *Ex parte Young* exception, Plaintiffs must prove that, absent an actual direct enforcement of the challenged statute, Defendants have taken specific actions to "constrain" or "compel" Plaintiffs. *Id.* (citing *Air Evac EMS, Inc. v. Tex. Dep't of Ins.,* 851 F.3d 507, 519 (5th Cir. 2017) (holding that the engagement of the Texas Commissioner of Insurance and the Texas Commissioner of Workers' Compensation in "rate-setting" effectively constrained an air-ambulance company's activities)); *see also NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 392-95 (5th Cir. 2015) (finding that letters sent by the Attorney General to a particular manufacturer that threatened action against that manufacturer under the Texas Deceptive Trade Practices Act constrained the manufacturer's activities). Without adequate proof of "constraint or compulsion" to satisfy the "enforcement" standard, Defendants are immune from suit under the Eleventh Amendment. *City of Austin*, 943 F.3d at 1002.

*Morris* is instructive in this case. There, the Fifth Circuit found that the Eleventh Amendment barred an official-capacity claim against Governor Perry challenging the constitutionality of a state statute. 739 F.3d at 744, 746 (5th Cir. 2014). The Fifth Circuit reasoned that the challenged law did "not specially task Governor Perry with its enforcement, or suggest

6

that he will play any role at all in its enforcement." *Id.* at 746. Similarly, Texas Family Code § 45.103 does not task either Governor Abbott or General Paxton with its enforcement; rather, by its express terms, § 45.103 is enforced by Texas state courts. *See* TEX. FAM. CODE § 45.103(b) (providing that a "**court** may order a name change . . . for a persona with a final felony conviction . . . .") (emphasis added).

Furthermore, a state official's "habit" of suing or intervening in similar litigation is insufficient to prove "enforcement." *City of Austin,* 943 F.3d at 1000 (holding that the City of Austin's attempt to prove a pattern of "several recent lawsuits" in which the Attorney General intervened in matters with similar subject matters was insufficient to satisfy the "enforcement" standard). While such a "habit" may prove "*some* connection to the enforcement of a statute," the Fifth Circuit explicitly ruled that a "habit" does not prove a state official "might similarly bring a proceeding to enforce the supremacy" of a challenged statute. *Id*. Rather, "the mere fact that the Attorney General *has* the authority to enforce [a challenged statute] cannot be said to 'constrain'" someone from pursuing an action or filing a petition, and thus, a "habit" does not rise to the level of "enforcement" necessary to trigger the *Ex parte Young* exception. *Id.* at 1001.

Here, Plaintiffs have clearly failed to plead facts that raise a plausible inference that either Defendant Abbott or Defendant Paxton has sufficient "enforcement" power to trigger the *Ex parte Young* exception to sovereign immunity. In the absence of critical facts that would support the allegation that either Defendant has effectively acted to "constrain" or "compel" Plaintiffs' actions to raise the inference of "enforcement," this claim has little merit, if any. Rather than offer proof of such actions, Plaintiffs base their entire claim on a series of actions (by Defendant Paxton alone, with no mention of Defendant Abbott) to prove the existence of a "habit," despite the Fifth Circuit's clear instructions that a "habit" is insufficient proof of "enforcement" for the purposes of

7

*Ex parte Young*. *Id.* at 1000. Furthermore, to support their claim that Defendant Paxton has sufficient "enforcement" power to trigger the *Ex parte Young* exception, Plaintiffs merely point to his previous involvement in matters related to same-sex marriage and the so-called "Bathroom Bill," neither of which are related to the provisions in Texas Family Code § 45.103 regarding the ability of convicted felons to legally change their names. As the Fifth Circuit held in *City of Austin*, the fact that Defendant Paxton "has chosen to intervene to defend *different* statutes under *different* circumstances does not show that he is likely to do the same here." *Id.* at 1002 (emphasis in original).

Furthermore, while the use of "threatening letters" may establish "constraint or compulsion" and "enforcement" in some cases, the facts of the precedential case for this proposition are clearly distinguishable from the facts of this matter. In *NiGen Biotech*, the court held that a series of letters sent by the Attorney General to a manufacturer threatening potential legal action under the Texas Deceptive Trade Practices Act effectively "constrained" the manufacturer's subsequent actions to establish "enforcement." 804 F.3d at 392-95. Here, Plaintiffs do not allege that either Defendant has written a letter alluding to any intention to intervene or enforce Texas Family Code § 45.103, which clearly distinguishes the facts of *NiGen Biotech* from this case. Simply, Plaintiffs have offered no evidence of either Defendant's "enforcement" of Texas Family Code § 45.103 generally or as to transgender felons specifically.

Because the Fifth Circuit precedent requires evidence of "enforcement" by the relevant state official through either "compulsion or constraint," which Plaintiffs have failed to supply, the claims against Defendants are barred by Eleventh Amendment sovereign immunity. *City of Austin*, 943 F.3d at 1000-02. Therefore, Plaintiffs' claims against Defendants must be dismissed.

### B.     *Plaintiffs Lack Standing to Pursue Their Claims Against Defendants*

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. CONST. ART. III, § 2, cl. 1. The reason for this jurisdictional limitation is to restrain the federal courts from deciding abstract and advisory questions of law. Accordingly, any federal court plaintiff must have case-or-controversy "standing" to assert a claim. *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 157-58 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[S]tanding is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation omitted).

To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). All three elements are "an indispensable part of the plaintiff's case," and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan*, 504 U.S. at 561. Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). In this case, Plaintiffs cannot establish at least two of the three indispensable elements of standing.

   *1.  Plaintiffs' alleged injury is not fairly traceable to Defendants*

First, Plaintiffs cannot show the injury they claim to have suffered is fairly traceable to an action by Defendants. *See Friends of the Earth*, 528 U.S. at 180-81. Traceability requires Plaintiffs to show a causal connection between their injury and an action taken by Defendants, rather than "the result of the independent action of some third party not before the court." *Does #1-7 v. Abbott*, 345 F. Supp. 3d 763, 773 (N.D. Tex. 2018). General authority to enforce state laws is not sufficient to satisfy the traceability requirement necessary to establish standing. *Id.*

9

Plaintiffs' only attempt to link Defendants to their alleged injuries-in-fact is found in their claim that each "has both the authority and duty to uphold the laws of Texas, and is bound by oath and legal duty to uphold the United States Constitution." *See* Am. Compl. ¶¶ 6, 7. Critically, Plaintiffs do not identify any action—or a threat of action—taken by either Defendant related to the statute at issue in this case. Instead, Plaintiffs attempt to do exactly what the court in *Does #1-7* rejected: create traceability under the guise of Defendants' general authority to enforce state laws. Additionally, for the reasons described above, Plaintiffs' attempts in their First Amended Petition to create traceability as to Defendant Paxton fail to create standing because they offer no proof of any action taken by Defendant Paxton as to Plaintiffs or § 45.103. Because Plaintiffs have not alleged any facts to show that they have suffered an injury-in-fact that is fairly traceable to Defendants, they lack standing. *See id.*; *see also Inclusive Communities Project, Inc. v. Abbott*, No. 3:17-CV-0440, 2018 WL 2415034, at *6 (N.D. Tex. May 29, 2018) (holding that plaintiff lacked standing to sue Governor Abbott where challenged provisions of law "do not provide Governor Abbott with the authority or 'definite responsibilities' to enforce the Statute.").

    2.  *Plaintiffs have not shown an action against Defendants will redress alleged injury*

The second component of standing that Plaintiffs cannot satisfy is the redressability requirement. This requires Plaintiffs to prove that the relief sought against Defendants (declaring § 45.103 unconstitutional and enjoining Defendants from denying Plaintiffs the right to legally change their names) will actually redress the injury of which they complain (the inability to legally change their names under Texas law). *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). Plaintiffs cannot make this showing.

By its terms, Chapter 45 of the Family Code requires a person wishing to legally change his or her name to file a petition in the county of his or her residence. TEX. FAM. CODE § 45.101.

It is then up to the state court where the petition was filed to determine if the petitioner's request should be granted. *See id.* § 45.103. Critically, the statute does not vest any power in either Governor Abbott or General Paxton to enforce or otherwise regulate its application. Courts have previously held that municipalities cannot be held liable for the actions of local judges, who, as elected officials, the municipality has no power to control. *Freedom from Religion Found., Inc. v. Mack*, No. H-17-881, 2018 WL 6981153, at *4 (S.D. Tex. Sept. 27, 2018) (citing *Garcia Guevara v. City of Haltom City*, 106 F. App'x 900, 902 (5th Cir. 2004)). In this case, an injunction against Defendants will not prevent Plaintiffs' petitions for a name change under Chapter 45 of the Family Code from being denied because neither Defendant is responsible for enforcing those provisions.

Plaintiffs point to *City of Austin* for the proposition that a state official's "connection to [ ] enforcement"—and thus the ability to apply the *Ex parte Young* exception—may be established when standing is shown. *City of Austin*, 943 F.3d at 1002 (citing *Russell v. Lundergren-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015)). However, Plaintiffs have failed to plead facts sufficient to prove they have standing to pursue their claim against Defendants, and *City of Austin* does not support their position. *Id.* at 1002-03. Under *City of Austin*, the Attorney General's past intervention in similar matters involving different statutes does not establish a "significant possibility" that the Attorney General will inflict "future harm" by acting to enforce the challenged statute, and thus, does not strengthen Plaintiffs' claim of standing. *Id.* at 1003.

Since Plaintiffs cannot show their alleged injury—the inability to legally change their names under Chapter 45 of the Family Code—is the result of some action by Defendants or that a judgment against Defendants would redress that injury, Plaintiffs lack standing to pursue their claims against Defendants. Therefore, Defendants request the Court dismiss this lawsuit in its entirety.

## V. CONCLUSION

Plaintiffs cannot pursue the claims made in this lawsuit against Defendants because Plaintiffs lack standing to pursue those claims. Moreover, Plaintiffs' claims are barred by immunity under the Eleventh Amendment for which no waiver or exception applies. Therefore, Defendants respectfully request this Court grant this Motion, dismiss Plaintiffs' claims against Defendants, and for such other relief, whether in law or in equity, to which Defendants may be entitled.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Kimberly Gdula*
**KIMBERLY GDULA**
Texas Bar No. 24052209
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Kimberly.Gdula@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS
GOVERNOR GREG ABBOTT AND
KEN PAXTON, ATTORNEY GENERAL OF TEXAS**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 22, 2020, I electronically filed the foregoing instrument with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

                                    */s/ Kimberly Gdula*
                                    **KIMBERLY GDULA**
                                    Assistant Attorney General