UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DONNA LANGAN, <br> TERESA DE BARBARAC, and <br> ALEXANDRA CARSON <br> Plaintiffs, <br> <br> v. <br> <br> GREG ABBOTT, in his Official Capacity as Governor of Texas; and <br> KEN PAXTON, in his Official Capacity as Attorney General of Texas <br> Defendants. | §§§§§§§§§§§§§ Cause No. 1:20-cv-275 |

### RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiffs Donna Langan, Teresa de Barbarac, and Alexandra Carson offer this response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Docket Entry 11).

The main disagreement between the parties is whether Attorney General Paxton has satisfied the final element necessary to be subject to the *Ex parte Young* doctrine (i.e. whether there is sufficient enforcement of the challenged statute).[1] This disagreement should be resolved in Plaintiffs' favor.

Separately but similarly, Defendants' challenge to Plaintiffs' standing is not viable – if a Defendant has engage in sufficient activity to be subject to the *Ex parte Young* doctrine, then he or she has invariably created a case or controversy sufficient for standing.

---

[1] Defendants' motion says: "Specifically, Plaintiffs' claims against Defendants are barred by immunity under the Eleventh Amendment because Defendants lack sufficient connection to the enforcement of the statute at issue to trigger the *Ex parte Young* exception. Additionally, and for similar reasons, Plaintiffs lack standing to pursue their claims against Defendants." (D.E. 11, p. 1)

LEGAL STANDARD

Defendants brought their motion pursuant to Federal Rule of Civil Procedure 12(b)(1), which may be resolved in part by a "complaint supplemented by undisputed facts evidenced in the record." *Campos v. United States*, 888 F.3d 724, 729 (5th Cir. 2018). Therefore, Plaintiffs incorporate by reference the facts asserted in Plaintiffs' First Amended Complaint and its attached appendix. (Docket Entry 10 and 10-1).

ARGUMENT

**A. Attorney General Paxton is subject to suit in this matter under the *Ex parte Young* doctrine**

Plaintiffs agree the Eleventh Amendment generally protects government officials from lawsuits filed against them in their official capacities, unless an exception applies. Plaintiffs agree they are relying on the *Ex parte Young* doctrine as their exception to Eleventh Amendment Immunity. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Plaintiffs agree that in order to apply the *Ex Parte Young* doctrine against a particular defendant, such as Attorney General Paxton, they must show "the state official, 'by virtue of his office,' [has] 'some connection with the enforcement of the [challenged] act.'" *Id*.

The allegations in the Complaint show Attorney General Paxton has sufficient connection to the enforcement of the statute at issue to trigger the *Ex parte Young* exception, having previously intervened in local judicial pronouncements regarding same-sex marriage and having articulated robust transphobic legal positions, including intimidating the Fort Worth ISD board of trustees in a letter that challenged the legality of the district's policy on transgender students and bathrooms, and joining several states in an amicus brief challenging [what Paxton characterized as] the U.S. Department of Education's "agenda to redefine what it means to be female and male." (D.E. 10, para 56-66)

2

### 1. Attorney General Paxton is a proper defendant for this lawsuit

The first step for discerning "whether the plaintiff has named the proper defendant or defendants" is to determine whether "a state actor or agency is statutorily tasked with enforcing the challenged statute," and if so, whether "a different official is the named defendant." *Id*. at 998.[2] In this case, no state actor or agency is statutorily tasked with enforcing the challenged law.[3]

"Where no state official or agency is named in the statute in question, we consider whether the state official [being sued] actually has the authority to enforce the challenged law." *Id*. Defendants have not denied (and we expect will concede) that Texas Attorney General Paxton has authority to bring suit to enforce Texas Family Code 45.103. Therefore, the Attorney General is a properly named defendant for this case. *Id*.

### 2. Attorney General Paxton has engaged in "sufficient enforcement actions" with regard to the challenged statute

The Court must next "…decide whether the official in question has a 'sufficient connection [to] the enforcement' of the challenged act." *Id*. The Fifth Circuit in *City of Austin* explained: "Panels in this circuit have defined 'enforcement' as 'typically involv[ing] compulsion or constraint.'" *Id*. at 1000. In that opinion, the Circuit cited prior case law that ruled the Attorney

---

[2] Defendants cite *Morris v. Livingston* in their brief, but it is distinguishable, because it dealt with a statute tasking a state agency (the Texas Department of Criminal Justice) with enforcing the challenged law and not the named defendant (the Governor). *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014); *see City of Austin*, 943 F.3d at 998.

[3] Defendants argue that "…while [Texas Family Code] 45.103 may not explicitly confer the responsibility of enforcement on members of the judiciary, it clearly contemplates a judge's role in the statute's administration…. [t]herefore, under *Morris*, it is appropriate to infer that the judiciary is statutorily tasks with enforcement, thus ending our *Ex parte Young* analysis." (D.E. 11, at 5).

That interpretation of case law cannot be correct because it leads to an absurd result. Courts are the final actor enforcing *every* law; if that meant they were considered entities "statutorily tasked with enforcing the challenged law" within the meaning of the *Ex parte Young* doctrine, then all lawsuits challenging laws whose enforcement was not specifically assigned to another office or department could only be affirmatively challenged by lawsuits against the judiciary.

General had engaged in sufficient compulsion or constrain to become subject to *Ex parte Young* by sending demand letters to a defendant.[4]

In contrast, the Circuit then concluded that the plaintiff in *City of Austin* had failed to make the same showing of compulsion or constraint:

> Here, the City has made no such showing with respect to the Attorney General's enforcement of § 250.007. Namely, none of the cases the City cites to demonstrate the Attorney General's "habit" of intervening in suits involving municipal ordinances to "enforce the supremacy of state law" have any overlapping facts with this case or are even remotely related to the Ordinance. …[T]hat he has chosen to intervene to defend *different* statutes under *different* circumstances does not show that he is likely to do the same here.

Specifically, the City's brief (arguing the Attorney General had a "habit" of intervening in suits involving municipal ordinances) cited some of the Attorney General's previous lawsuits challenging Austin municipal ordinances related to immigration enforcement, short-term rentals, and paid sick leave.[5]

---

[4] "Likewise, in *NiGen Biotech, L.L.C. v. Paxton,* this court considered whether *Ex parte Young* could apply to Attorney General Paxton where he continuously refused to justify numerous "threatening letters" from his office to a manufacturer and distributor of dietary supplements and its retailers alleging that the manufacturer's packaging was in violation of the Texas Deceptive Trade Practices Act ("DTPA"). 804 F.3d at 392−95. There, the court did not explicitly examine Paxton's "connection to the enforcement" of the DTPA. *Id.* But the fact that Paxton sent letters threatening enforcement of the DTPA makes it clear that he had not only the authority to enforce the DTPA, but was also constraining the manufacturer's activities, in that it faced possible prosecution if it continued to make and distribute its products."

*City of Austin*, 943 F.3d at 1001.

[5] The Fifth Circuit opinion does not identify the earlier cases the City gave as examples of the Attorney General's habit, but the City's appellate brief (attached as Exhibit A) shows *Texas v. Travis County, Texas*, 910 F.3d 809 (5th Cir. 2018) (**immigration**); *Zaatari, et al., v. City of Austin, et al.*, D-1 GN-16-002620 (Travis County District Court, Second Amended Plea in Intervention filed Aug. 24, 2017) (**restrictions on short-term rentals**); *and Tex. Assoc. of Bus. et al. v. City of Austin, et al.*, 2018 WL 6005551 (Tex.App.—Austin, 2018) (**paid sick leave**).

This lawsuit is distinguishable from *City of Austin*, because while the Attorney General may not have previously waded into the issue of fair housing, Paxton has historically been deeply involved in matters related to the matters at hand, giving rise to the reasonable expectation he will continue to do so. The Attorney General past actions with regard to the legal rights of trans people have been far more intrusive and intimidating than demand letters.

For instance, Plaintiffs' First Amended Complaint describes Paxton's intervention in Travis County probate and district court cases that had declared Texas' law against same-sex marriage unconstitutional. (Docket Entry 10-1, at 56-58). Paxton submitted an "Amended Petition for Writ of Mandamus" to the Texas Supreme Court which made several representations that he should be collaterally estopped from rejecting in this case, including:

    a.   Characterizing the Office of the Attorney General as an adverse party to the constitutional challenge to same-sex marriage.

    b.   Arguing the attorney general "has a justiciable interest in the case given its well-recognized interest in defending Texas law."

    c.   Arguing "the attorney general's office is charged with defending and enforcing [state law]."

(Docket Entry 10-1, at 59).

When the Texas Supreme Court later dismissed the Attorney General's Amended Petition for Writ of Mandamus as moot (because the U.S. Supreme Court had recently made same-sex marriage legal), Justices Willet and Devine agreed with Paxton's characterization of the Attorney General's office, saying:

    a.   The attorney general has a constitutional duty to defend challenges to state law. *In re State*, 489 SW 3d 454, 456 (Tex. 2016) (Justice Willett, joined by Justice Devine, concurring in the dismissal of the petition for writ of mandamus).

    b.   "Texas law could not be clearer: The State's chief legal officer — sworn to 'preserve, protect, and defend' Texas law — should in fact be permitted to preserve, protect, and defend it." *Id*.

    c.    "A law may be unfashionable. It may even be unconstitutional. But it cannot be undefended." *Id*. at 457

As described in the Amended Complaint, after the U.S. Supreme Court legalized same-sex marriage, Paxton shifted gears to a transphobic agenda, including pressuring Target over its store policies, joining multi-state lawsuits, threatening the Fort Worth school district, and championing 2017's "Bathroom Bill." (Docket Entry 10-1, at 62-65). These events, taken together with Paxton's actions in the litigation around same-sex marriage, distinguish this case from *City of Austin* by showing Paxton's interest and eagerness to intervene in the rulings of local judges such as those in Travis County, and in enforcing statutes like Family Code 43.103 if doing so will constrain the rights of people who are transgender.

## B. Standing

The courts recognize that "Article III standing analysis and *Ex parte Young* analysis 'significantly overlap.'" *City of Austin*, 943 F.3d at 1002.

> [I]t may be the case that an official's "connection to [ ] enforcement" is satisfied when standing has been established. That is, because it's been determined that an official can act, and there's a significant possibility that he or she will act to harm a plaintiff, the official has engaged in enough "compulsion or constraint" to apply the *Young* exception.

*Id*. Since Plaintiffs have demonstrated Defendant Paxton is engaged in enough "compulsion or constraint" for the *Ex parte Young* doctrine to apply, there is necessarily a redressable harm that is traceable to Defendant Paxton, giving rise to a case or controversy between the parties.

## CONCLUSION

For these reasons, Plaintiffs ask that Defendants' motion be denied.

DATED: July 13, 2020.

Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
brian@austincommunitylawcenter.org

Judith Bohr
Texas Bar No. 24092153
judith.bohr@austincommunitylawcenter.org

AUSTIN COMMUNITY LAW CENTER
1411 West Ave
Austin, TX 78701
Telephone: (512) 596-0226
Fax: (512) 597-0805

Moira Meltzer-Cohen
*Pro Hac Vice Pending*
277 Broadway, Suite 1501
New York, NY 10007
Telephone: (347) 248-6771
Fax: (929) 232.2056
mo_at_law@protonmail.com

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record who have appeared in this matter through the Electronic Case Files System of the Western District of Texas.

/s/ Brian McGiverin
Brian McGiverin

7