UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DONNA LANGAN, TERESA DE BARBARAC, and ALEXANDRA CARSON,<br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his Official Capacity as Governor of Texas; and KEN PAXTON, in his Official Capacity as Attorney General of Texas,<br>*Defendants*. | CASE NO. 1:20-cv-275-RP |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Greg Abbott, in his official capacity as the Governor of Texas, and Ken Paxton, in his official capacity as Attorney General of Texas, hereby submit this their Reply in Support of their Motion to Dismiss Plaintiffs' Amended Complaint [Dkt. 11] and request that the Court dismiss Plaintiffs' claims because Plaintiffs' claims are barred by Eleventh Amendment immunity and Plaintiffs lack standing to pursue their claims against Defendants.

### I. SUMMARY OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Defendants moved for dismissal pursuant to FED. R. CIV. P. 12(b)(1) because (1) Plaintiffs lack standing to pursue their claims against Defendants, and (2) Plaintiffs' claims are barred by Eleventh Amendment immunity. Although Plaintiffs bear the burden of proof as the party asserting jurisdiction, Plaintiffs' Response [Dkt. 15] wholly fails to provide any basis for asserting subject-matter jurisdiction as to Defendant Greg Abbott. Therefore, as a matter of law, Defendant Abbott must be dismissed from this suit.

1

As to Defendant Ken Paxton, Plaintiffs improperly rely on a general duty to enforce state law to establish he is a proper defendant, even though Fifth Circuit and Western District of Texas case law rejects such a principal. Plaintiffs also attempt to connect Defendant Paxton with enforcement of TEX. FAM. CODE § 45.103 by using past actions unrelated to this statute to establish a "habit," even though such an argument was expressly rejected by the Fifth Circuit just last year.

For the reasons detailed in both Defendants' Motion and as described below, Plaintiffs failed to establish both standing and an exception to Eleventh Amendment immunity, and their claims against Defendants must be dismissed.

## II. PLAINTIFFS HAVE NOT MET THEIR BURDEN TO PREVENT DISMISSAL

In their Response, Plaintiffs concede that they may only proceed with their claims against Defendant Paxton if they can satisfy the requirements of *Ex parte Young*, which serves as an exception to Eleventh Amendment immunity that would otherwise bar Plaintiffs' claims. They further concede that for the exception to apply, they must establish that Defendant Paxton is a proper defendant and has a sufficient connection to the enforcement of TEX. FAM. CODE § 45.103. However, Plaintiffs fail to provide adequate evidence to meet that burden and cannot, therefore establish subject-matter jurisdiction over Defendant Paxton.

First, Defendant Paxton does not concede that he is a proper defendant in this suit. Plaintiffs admit that TEX. FAM. CODE § 45.103 does not specifically name the Attorney General as the state official or agency tasked with enforcing its provisions. Interestingly, Plaintiffs seem to argue that the Attorney General is the proper defendant because he has the authority to generally enforce state law while also arguing that a state court judge <u>cannot</u> be the proper defendant because he or she is tasked with enforcing all state laws. Plaintiffs cite to no authority for either of these contradictory positions. However, there is ample authority that a general duty to enforce state law is not sufficient to invoke *Ex parte Young*. *See Starr v. County of El Paso*, No. EP-09-CV-353-

KC, 2010 WL 3122797, at *5 (W.D. Tex. Aug. 5, 2010) (citing *Okpalobi v. Foster*, 244 F.3d 405, 419 (5th Cir. 2001) and *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010)).

Additionally, even if he were a proper defendant, Plaintiffs fail to provide sufficient evidence that Defendant Paxton has sufficient connection to the enforcement of TEX. FAM. CODE § 45.103 to support application of *Ex parte Young*. Plaintiffs argue that their facts are different from those expressly rejected by the Fifth Circuit in *City of Austin*, a suit challenging TEX. LOCAL GOV. CODE § 250.007, a state law allowing landlords to reject federal vouchers. *City of Austin v. Paxton*, 943 F.3d 993, 996 (5th Cir. 2019). In *City of Austin*, the plaintiff relied on examples where the Attorney General had sued or intervened in suits brought against the City of Austin related to municipal ordinances and policies to support its claim that the Attorney General had a sufficient enforcement connection with § 250.007 to trigger *Ex parte Young*. *Id.* at 1001. Here, Plaintiffs argue that Defendant Paxton has intervened in state court cases involving the constitutionality of laws related to same-sex marriage and taken an interest in other cases that may have involved transgendered individuals but clearly did not involve Chapter 45 of the Texas Family Code. Just as the Fifth Circuit held in *City of Austin*, these "habits" as alleged by Plaintiffs are insufficient to show that Defendant Paxton "might similarly bring a proceeding to enforce the supremacy" of TEX. FAM. CODE § 45.103. *City of Austin,* 943 F.3d at 1000.

Plaintiffs base their entire jurisdictional argument on meeting the requirements of *Ex parte Young*. However, as detailed in both the Motion to Dismiss and this Reply, Plaintiffs have failed to satisfy the requirements necessary to avail themselves of *Ex parte Young*. In fact, Plaintiffs have made no attempt in response to the Motion to Dismiss to show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision. As these elements are "an

indispensable part" of Plaintiffs' case for which they bear the burden to establish, Plaintiffs claims must be dismissed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### III. CONCLUSION

Plaintiffs' claims against Defendants must be dismissed because Plaintiffs have failed to meet their burden to establish (1) standing to bring this suit against Defendants and (2) exception to immunity under the Eleventh Amendment under *Ex parte Young*. Therefore, Defendants respectfully request this Court grant their Motion, dismiss Plaintiffs' claims against Defendants, and for such other relief, whether in law or in equity, to which Defendants may be entitled.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Kimberly Gdula*
**KIMBERLY GDULA**
Texas Bar No. 24052209
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Kimberly.Gdula@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**
**GOVERNOR GREG ABBOTT AND**
**KEN PAXTON, ATTORNEY GENERAL OF TEXAS**

## CERTIFICATE OF SERVICE

      I hereby certify that on July 20, 2020, I electronically filed the foregoing instrument with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

                        */s/ Kimberly Gdula*
                        **KIMBERLY GDULA**
                        Assistant Attorney General